UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IN RE: MICHAEL RAJIRI EL-JABAZWE**,

           Petitioner,

Case No. 14-mc-50547
Honorable Gershwin A. Drain

_____/

## OPINION AND ORDER DISMISSING MATTER

Petitioner, El-Jabazwe, Michael Rajiri, attempted to re-commence this miscellaneous action "to reflect the real party of interest whom is 'El-Jabazwe, Michael Rajiri.'" Case No. 15-mc-50014, Dkt. No. 1. At ¶ 2. Petitioner "notices he is the registered owner of certificate of title also known as 'certificate of live birth' and/or 'birth certificate' with the legal person named 'MICHAEL AOLPHUS' . . . and the legal person named 'MICHAEL RAJIRI EL-JABAZWE'[.]" *Id.* at ¶ 3. It appears he has attempted to re-commence this action to "notice[] the beneficial owner of . . . MICHAEL ADOLPHUS, MICHAEL RAJRI EL-JABAZWE and EL-JABAZWE, MICHAEL RAJIRI is 'michael rajiri el-majure.'" *Id.* at ¶ 4.

This Court consolidated Petitioner's new action—and the "Truth Affidavit" therein—with this Case on January 26, 2015. *See* Dkt. No. 3. Having reviewed all of Petitioner's filings, the Court has determined that federal subject matter jurisdiction is lacking. The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the

-1-

-2-

matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, Petitioner neither raises a federal cause of action nor asserts a state cause of action involving diverse parties that exceeds $75,000. This Court therefore lacks subject matter jurisdiction.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that this matter is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: January 30, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge